# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| URIEL N.E., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:21-cv-01298-JES-JEH |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

This matter is now before the Court on a Report and Recommendation (Doc. 18) from Magistrate Judge Johnathan Hawley. More than 14 days have elapsed since the filing of the Report and Recommendation, and no objections have been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Lockert v. Faulkner*, 843 F.2d 1015 (7th Cir. 1988); *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986). As the parties have failed to raise timely objections, any such objections have been waived. *Id*.

The relevant procedural history has been sufficiently outlined in the Magistrate Judge's comprehensive report. There, Judge Hawley noted that in February 2021, the Honorable John M. Wood ("ALJ") issued a final decision denying Plaintiff disability insurance benefits (DIB) and supplemental security income (SSI). Plaintiff subsequently filed this civil suit and a Motion for Summary Judgment, asserting that the ALJ failed to properly evaluate medical opinions and failed to properly determine plaintiff's residual functional capacity, and failed to properly evaluate plaintiff's subjective statements. (Doc. 10). The Commissioner filed a Motion for Summary Affirmance (Doc. 15) to which Plaintiff Replied (Doc. 17).

In his January 23, 2023, Report and Recommendation, Judge Hawley found that the ALJ failed to adequately consider and explain his dismissal of the medical opinion of Dr. Hinz. (Doc. 18 at 6). An ALJ is required to consider the persuasiveness of medical factors using several factors, most importantly the opinion's supportability and consistency. *See* 20 C.F.R. §404.1520c(a), (b)(2), and 20 C.F.R. § 416.920c(a), (b)(2). The ALJ's Decision was silent as to his findings on Dr. Hinz's supportability and consistency. (Doc. 18 at 6). To the extent that the ALJ commented on these factors, it was contradicted by record evidence. *Id.* at 7-8. The ALJ "ignored parts of Dr. Hinz's opinion that undermined his reasoning." *Id.* at 8. An ALJ may not ignore contrary evidence, but instead must confront the evidence that does not support his conclusion and explain why the evidence was rejected. *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014).

Judge Hawley recommended that: "1) Plaintiff's Motion for Summary Judgment (Doc. 10) be granted; 2) the Defendant's Motion for Summary Affirmance (Doc. 15) be denied, and 3) this case be remanded to the Commissioner of Social Security for further proceedings consistent with this Opinion Pursuant to 42 U.S.C. §405(g), Sentence Four." *Id.* At 10.

The Court hereby adopts the Magistrate's Report and Recommendation in full. Plaintiff's Motion for Summary Judgment is GRANTED, as the denial of Plaintiff's benefits is reversed and this case is remanded. The Commissioner's Motion for Summary Affirmance is DENIED.

IT IS HEREBY ORDERED:

1. Plaintiff's motion for summary judgment (Doc. 10) is GRANTED, and the Commissioner's motion for summary affirmance (Doc. 15) is DENIED.

2. The Clerk is to enter judgment reversing the Commissioner's decision under sentence four of Section 205(g) of the Social Security Act (Act), 42 U.S.C. § 405(g), with remand to the Commissioner for further administrative proceedings.

3. Upon receipt of this Court's order, the Appeals Council will remand the matter to an Administrative Law Judge (ALJ) who will reevaluate the opinion evidence; take any further action needed to complete the administrative record; and issue a new decision.

Signed on this 10th day of February, 2023.

                                      /s/ James E Shadid\
                                      James E. Shadid\
                                      United States District Judge