# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| URIEL N. E., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-01298-JEH-RLH |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on Plaintiff's Motion for an Award of Attorneys' Fees Under 42 U.S.C. § 406(b). (Doc. 23). The Commissioner neither supports nor opposes the motion. (Doc. 24). Because Plaintiff's request is reasonable and otherwise complies with § 406(b), the motion is GRANTED.

### BACKGROUND

Plaintiff applied for disability benefits under Title II of the Social Security Act in February 2019. (Doc. 1 at 2.) Five months later, Plaintiff's application was denied. (Doc. 5 at 41.) Plaintiff then sought review by an administrative law judge (the "ALJ"), who issued a decision in February 2021 affirming the denial. (Doc. 16 at 3.) In response, Plaintiff filed a Complaint in this Court, (Doc. 1), followed six months later by a motion for summary judgment, (Doc. 10).

In February 2023, then Magistrate Judge Jonathan E. Hawley issued a report and recommendation, urging the District Court to grant Plaintiff's motion for

summary judgment and remand the case to the Commissioner of Social Security for further proceedings. (Doc. 18 at 10.) That recommendation was adopted, (Doc. 19), and judgment was entered on February 10, 2023, (Doc. 20). Following entry of judgment, Plaintiff moved for attorneys' fees under the Equal Access to Justice Act (the "EAJA"), (Doc. 21), and was awarded $8,171.76 in fees, plus costs. (Doc. 22 at 1).

On remand, the ALJ issued a favorable decision awarding Plaintiff past-due benefits totaling $119,084.00. (Doc. 27-4 at 4). Plaintiff's counsel now requests 25 percent of that award, or $29,771.00, in attorneys' fees under 42 U.S.C. § 406(b).

## LEGAL STANDARD

Section 406(b) "permits attorneys to recover fees for their work in federal court on behalf of Social Security claimants" when the proceedings terminate in the claimant's favor. *Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024). In reviewing § 406(b) fee requests, courts must perform an "independent check" to ensure that the request is within the statutory maximum and reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Of course, the "reasonableness" of a fee request depends entirely on the circumstances of a particular case. *See id.* Foremost among those circumstances is whether the claimant-attorney relationship involves a contingency fee agreement. *See Arnold*, 106 F.4th at 601. When it does, the contingency award anchors the court's analysis. *Id.*

A court must therefore begin its analysis "with the contingency award as its polestar and consider whether that amount should be reduced" based on relevant circumstances, such as: (1) counsel's expertise and effort spent on the case, (2) the

2

claimant's satisfaction with the representation, (3) whether counsel engaged in undue delay, (4) the uncertainty of recovery, and (5) how the request compares to similar cases. *See id.*

## DISCUSSION

The Court starts with the contingency fee agreement between Plaintiff and her counsel, which provides that counsel will receive twenty-five percent of any past-due benefits recovered in the case. (Doc. 23-4 at 1). That fee does not exceed the statutory maximum. *See* 42 U.S.C. § 406(b)(1)(A) (limiting recoverable fees to twenty-five percent "of the total of the past-due benefits" the claimant receives). The sole question, therefore, is whether the circumstances of this case warrant reducing the contingency award. They do not.

The Record reflects that counsel diligently represented Plaintiff and obtained a favorable result. *See Gisbrecht*, 535 U.S. at 808 (explaining that reasonableness depends largely on "the results the representation achieved"). Indeed, after filing a complaint and a motion for summary judgment, Plaintiff's counsel secured a favorable judgment. (Doc. 20). After further administrative proceedings, the ALJ issued a decision awarding Plaintiff past-due benefits. (Doc. 23-2 at 2–3).

Moreover, nothing in the Record suggests that Plaintiff is dissatisfied with her counsel's representation or that counsel delayed the proceedings. And the contingent nature of the fee agreement—along with the fact that counsel is an experienced social security practitioner who achieved his client's desired result—renders the fee sought reasonable. (Doc. 23-3 at 4 (discussing experience).) As courts have explained,

representing social security claimants on a contingent basis always "involves some risk, and recovery is uncertain until a final decision is rendered." *Strong v. O'Malley*, No. 4:21-cv-54, 2024 WL 3935530, at *2 (N.D. Ind. Aug. 23, 2024).

Courts then ask whether the fee sought is consistent with those awarded in comparable cases. Plaintiff's fee request of $29,771.00 for 37.1 hours of work would result in an effective rate of $802.45 per hour. Although high, that rate is comparable to—if not below—rates that courts have approved in similar cases.[1]

Finally, § 406(b)(1)(A) forbids a lawyer from recovering more than twenty-five percent of the claimant's past-due benefits, even when the lawyer would otherwise be entitled to recover fees under a different statute. So, when a court approves a fee request under § 406(b), counsel generally must refund any amount previously awarded under the EAJA. *See Gisbrecht*, 535 U.S. at 796. Plaintiff's counsel indicates that he need not do so here because the $8,171.76 in EAJA fees previously awarded were "entirely offset by Plaintiff's federal debt." (Doc. 23-3 at 2). The Court agrees. Plaintiff's counsel is not required to refund any EAJA fees awarded in this case because he never realized them. *See Loar v. Saul*, No. 3:18-cv-775-TLS, 2020 WL 3302990, at *1 (N.D. Ind. June 18, 2020) (explaining that social security counsel is not required to refund to the plaintiff any EAJA fees used to satisfy the plaintiff's debt).

---

[1] *See, e.g.*, *Plummer v. O'Malley*, No. 1:23-cv-85, 2024 WL 4880436, at *2 (N.D. Ind. Nov. 22, 2024) (approving fee request under § 406(b) for an hourly rate of $3,227.48); *Wattles v. Comm'r of Soc. Sec.*, No. 2:10-cv-2108, 2012 WL 169967, at *1 (C.D. Ill. Jan. 18, 2012) ($3,125); *Polli v. Berryhill*, No. 17-cv-1102, 2019 WL 10248978 (N.D. Ill. Feb. 27, 2019) ($1,805.00); *Summer v. Kijakazi*, 2:20-cv-483 (N.D. Ind. July 18, 2023) ($1,850.00); *Narug v. Comm'r of Soc. Sec.*, No. 2:19-cv-490, 2022 WL 3714743 (N.D. Ind. Aug. 29, 2022) ($2,450.60).

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's (Doc. 23) Motion for an Award of Attorneys' Fees Under 42 U.S.C. § 406(b) is GRANTED. Per the Commissioner's request, (Doc. 24 at 3), the Court clarifies that the Commissioner is not required to "pay" the fee award; instead, the award is to be paid out of Plaintiff's past-due benefits in accordance with the policy of the Social Security Administration.

*So ordered.*

Entered this 2nd day of October 2025.

s/ Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge
